**IN THE COURT OF APPEALS OF IOWA**

No. 17-0647
Filed March 7, 2018

**IN RE THE MATTER OF THE GUARDIANSHIP AND CONSERVATORSHIP OF R.K., Ward.**

**R.K.,**
      Appellant.

_____

Appeal from the Iowa District Court for Lyon County, Carl J. Petersen, Judge.

A man appeals the order establishing his involuntary guardianship and conservatorship. **AFFIRMED.**

Pamela A. Wingert of Wingert Law Office, Spirit Lake, for appellant.

Thomas J. Miller, Attorney General, and Charles K. Phillips, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

The State petitioned for the appointment of a guardian and conservator over an eighty-six-year-old man. Following a hearing, the district court granted the petition and appointed the office of substitute decision maker to serve in both capacities. On appeal, the ward contends (1) the evidence was insufficient to support the need for a guardianship and conservatorship; (2) the district court failed to consider the availability of third-party assistance; and (3) the district court failed to consider the creation of a limited guardianship. We will address these arguments together, reviewing the district court's ruling on error. *See* Iowa Code § 633.33 (2015); *In re Guardianship of M.D.*, 797 N.W.2d 121, 126-27 (Iowa Ct. App. 2011). "Because our review is on error, the district court's factual findings are binding on appeal if supported by substantial evidence." *M.D.*, 797 N.W.2d at 127.

The district court made detailed fact findings. The court found the elderly man previously lived in a "dilapidated trailer" that "was uninhabitable to a person of reasonable expectations." The man was diagnosed with "dementia of Alzheimer's etiology." A psychologist found him incompetent "to make independent medical or other major life decisions" and found him in need of a guardian. Later, a physician confirmed the Alzheimer's diagnosis and noted the man's complete loss of short-term memory and his inability to care for himself. According to the court, the physician "continues to assert that [the man] is a danger to himself if left to his own means," "needs 24/7 care to ensure his own safety and comfort," and "is not competent to make decisions regarding his physical care nor his financial concerns." The court cited corroborating evidence from two witnesses at a care unit.

The court considered the man's testimony and acknowledged he retained his "long-term memory." But, the court found he "clearly demonstrates he has no short-term memory" and "does not appreciate his circumstances" or "the concerns of his living conditions."

Finally, the court addressed the man's request to have his friend and another individual assist him and his request to create a limited guardianship.[1] The court rejected these requests after finding neither individual "would agree to follow the current medical diagnosis." The court noted the office of substitute decision maker was willing to serve as guardian and conservator and had the ability to do so. *See* Iowa Code ch. 231E.

These findings are supported by substantial evidence. In light of the findings, the district court did not err in concluding the legal standards for appointment of a guardian and conservator were satisfied. *See* Iowa Code § 633.552(2)(a) (authorizing the filing of a petition for appointment of a guardian for "a person whose decision-making capacity is so impaired that the person is unable to care for the person's personal safety or to attend to or provide for necessities for the person"); *id.* § 633.566(2)(a) (authorizing the filing of a petition for appointment of a conservator for "a person whose decision-making capacity is so impaired that the person is unable to make, communicate, or carry out important decisions concerning the person's financial affairs"). The court also did not err in denying the request for a limited guardianship and in appointing the office of

---

[1] Their litigation involving the same man is the subject of a pending separate appeal. *See* *Ehrman v. Mayer*, No. 17-0665.

substitute decision maker as the guardian and conservator. We affirm the district court's ruling in its entirety.

**AFFIRMED.**